Marvin, J.
This petition m error is brought for the purpose of reversing a judgment rendered in favor of Augusta Drucker against George G. Higgins and The United States Fidelity & Guaranty Company. By proper proceedings the case is here, together .with a bill of exceptions containing all the evidence introduced in the court below, and we are asked to reverse the judgment on the ground that errors which, it is said, exist, are shown in the record of the case.
The terms “plaintiff” and “defendant” used in this opinion, refer to the parties as they stood in the original action..
The defendant, Higgins, entered into a contract in writing with the plaintiff on the 14th day of Eebruary, 1898, a copy of‘which contract is attached to the petition in the case. The contract required of Higgins that for the sum of $4,520 he should “at his own proper charge and expense, well and substantially erect, build and furnish the carpenter work of a certain brick and stone building on the east side of Case Avenue, corner of Scovill, in Cleveland, Ohio, according to the specifications, drawings and plans made and prepared by “certain architects named in the contract.”
A further stipulation to be performed by Higgins is in these words: “Said George G. Higgins for himself, his heirs, executors and administrators, agrees that he will furnish and provide, at his own proper charge and expense, all iron, stone, brick, tile, lime, and timber, and all other material not hereinbefore mentioned, and also all work and labor-, necessary for the erection, building and furnishing of carpenter .work of said building.”
On the 29th of April, 1898, and after the said Higgins had performed a part of the stipulations on his part to be perform *114 ed under the contract hereinbefore mentioned, he entered into a bond to the plaintiff in the penal sum of two thousand dol;lars, the defendant, the United States Fidelity & Guaranty] -Company executing said bond as surety for the said Higgins. The following is a quotation from said bond:
“Whereas, said principal has entered into, a certain written 'contract bearing, date the 14th day of February, 1898, by and between him and the said Augusta Drucker to erect, build and •finish the Carpenter work of a certain brick and stone building on the east side of Case Avenue, corner of Scovill Street, in the -city of Cleveland, Ohio, according to the specifications, drawings and plans made and prepared by George A. Steffens, Paul G. Séarles, and Willard Hirsh, said contract being made ■a'part thereof as- fully to' all intents and purposes as if set forth at length herein.
" “Now, therefore, the condition of the foregoing obligation is such that if the said principal shall well, truly and faithfully comply with all the terms, covenants and conditions of said "contract on his part to be kept and performed according to its tenor, then this obligation is to be null and void, otherwise ¿to be remain in full forcé and virtue in law.”
Higgins did not complete his contract; but the work hav■ing progressed' to a given point, he discontinued work under 'the contract about the 1st of September, 1898. At that time or up to that time he had received in payment upon the contract a little less than four thousand dollars. The plaintiff proceeded to complete the work, which was to have been done under the contract, at an expense of something like $3,500, and then brought her suit against Higgins and the surety company, and recovered, judgment against the Company for the sum of $2,186.66, being'the amount of the penalty named in the bond, with interest lip to the first day of the term of court at which the judgment was rendered.
One of-the-complaints made of the action of the trial court, is the overruling of the motion for a new trial, on the ground that by reason of interruptions during its progress the defend'ants -failed to have a fair trial. The evidence upon this, as .shown by affidavits filed in the court below, is to the effect ‘that the-trial, began on the 26th day of October, 1900, which *115 •was some ten days before'the presidential électiÓn’óf that' year. The case was submitted’to tlie jury oil'the-8th day of November following. The election took place oh 'thé 6th úP November. Almost immediately Upon the beginning of the' trial, there were interruptions by reason of the' appíicatiórP' of persons to the court for liatúralization, arid thé applicants' came in great numbers into the court room arid the court* stopped the hearing of this'case-a-good many-times,! and for’a Considerable time on several such interruptions»’ devbtiiig such’ time to the naturalization of these applicants fof- citizenship-; so that but a little time each day was occupied' in’the actual' trial of the case up to and-including the ist' of November..' On that day, by reason of these numerous interruption’s arid of the fact 'that such interruptions were likely to' continue up' to the day of the election, counsel on both sideis ■'requested thel Court to postpone the further hearing of the case until the 7th day of November, which'was'accordingly done'byt'he cori-rtv The case being taken up on the last named date, proceeded' without interruption until the trial was concluded.- . That' these interruptions and delays were most urifortunate arid very annoying to the parties in the case as well as to the court/ is manifest. That the defendants were prejudiced in thel final result by reason of such interruptions, is not so inanifest. The trial judge, upon the motion -for a new-trial, having personal knowledge- of the entire situation,' did not - find that such was the case, and we are not prepared to say that; the court was wrong .. ' '• .
Another complaint is made that the court in its ’charge to’ the jury gave a wrong construction to the bond given by thd Surety Company. The language of the bond -to which attention is now called, reads:
“Provided, * * * that if the said principals shall fail t©\ comply with all the conditions of said contract to' súch. an.ex-* tent that the same shall be forfeited, then said Su'rety’shall' have the'right and privilege to assuime said contract'-arid fo submit or complete same, whichever said Surety -may' elect to' do, provided it is done in accordance- with said contract/
Provided, '-furtherthat .in- the' 'event of any -brfeách of theí conditions of this bond, said Surety shall be subrogated td all» *116 the rights and properties of said principal arising out of said contract, and all deferred payments and any and all moneys and properties at that time due and payable, or that may thereafter become due and payable to the said principal, under and by virtue of said contract, shall be credited upon any «claim the said Augusta Drucker may .make upon said surety because of said surety.”
. Qn the part of the plaintiff it is urged that there being about $6oo unpaid upon the contract price at the time said Higgins discontinued the work, that amount should be credited to the defendant, the Surety Company, thereby reducing the amount to which the plaintiff, if entitled to recover at all, should have been permitted to recover against the Surety Company. And the court was requested by the Surety Company to charge:
“That the Surety Company is entitled to be subrogated to any amount which is due upon the contract and that said amount should be deducted from any sum which the jury find necessary to complete the labor upon this contract, and there is by the allegations of the petition $6oo owing to Higgins upon the contract, which should be credited to the Surety Company upon its liability.”
This the court declined to give, but did charge the jury upon this point as follows:
’ “But said Surety Company is entitled to be subrogated to any amount which is due on the contract; that is, $585, and that said amount shall be deducted from any sum which the jury find, from the evidence in this case it was necessary for the plaintiff to actually expend for the purpose of completing the labor and furnishing material provided for in said building contract, and the costs of the labor and material cannot, in any event, be more,, of course, than the amount set forth in the Exhibit. attached to the petition in this case, that is, the sum of ¡$3,675 in round numbers.”
•; If the contention made by the plaintiff in.error is correct, then the plaintiff' would have been entitled to only the difference between the penalty named, in the bond and the amount^ that would have been owing to Higgins aftér the payments already made, if- he had completed the contract.
*117 If this position is tenable, then, if Higgins had abandoned his- work when he had only performed enough to entitle him to receive one thousand dollars — all of which had been paid to him, the plaintiff would have been entitled to no recovery against the Surety Company because as there would remain unpaid upon the contract price more- than $3,500, and the penalty of the bond being but $2,000, the Surety Company would escape liability altogether.
It can hardly be supposed that such a construction was contemplated by either of the parties to this bond. Surely the obligee would not be likely to accept the bond, understanding that such was the true construction to be put upon it. Nor is it likely that a company engaged in this business which this Surety Company is engaged in, would expect that a bond so to be construed, would be accepted by any one. But it is urged that this is in exact accordance with the language of the bond, as hereinbefore quoted. .
It’seems to us a fair construction of such bond, is that given by the court in its charge to the jury. The provision is, ; that the Surety Company shall have the right to assume said contract and to sub-let or complete it as the Surety may elect; Í and, further, that the Surety shall be subrogated to all the rights and properties of the principal.”
Up to this point, there can be no question that the construe- • tion given to the bond by the court, was in exact accordance with its terms. But it is said-that what follows, to-wit: “and all deferred payments and any and all moneys and properties at that time due and payable, or that may thereafter become due and payable to the said principal * * * shall be credited upon any claim the said Augusta Drucker may make upon said Surety because of said breach,” fixes the construction which the Surety Company now seeks to have placed upon the bond.
.Strictly there was nothing due the principal at the time he discontinued work under the contract, and strictly nothing thereafter became due and payable to him as he did nothing thereafter under the contract. Of course, if the amount re-', maining upon the contract, together with the penalty named in the bond, was more than sufficient to complete the work to *118 be,,done under the contract, the subrogation to which the ¿Surety Company was entitled, would have reduced the amount; which the plaintiff. was entitled to recover against the- Cpmpahy, and this was what the court said in effect.
' We hold that the court properly refused to charge on this;, proposition as requested by the Surety Company, and that the; charge given in that regard is correct. -
Complaint is further made that the court gave a wrong con-, struction to the bond, in holding that the Surety Co. was bound as well for default in furnishing material for the building to, be erected, as for default in performing the labor therein pro-; vided for. This contention is made because of this language, in the bond: ;
“Whereas said princpal has entered into a certain written/ contract bearing date of February 14th, 1898, by and between] him and the said Augusta Drucker to erect the building and; finish the carpenter work of a certain brick store building” A, * ‡ etc.
But this, for a proper construction, must be read in connec-, tjon with its context; and this context states that what-Hig-¡ gins has undertaken to do is under a written contract, “said, contract being made a part hereof as fully to all intents and; purposes as if set forth at length herein.” ' 1 ¡
.“Now, therefore, the condition of the foregoing obligation is, such that if the said principal shall well, truly, and faith-/ fully, comply with all the terms, covenants and conditions*/ of said contract on his part to be kept and performed accord-;, ing.to its tenor, then this obligation to be null and void.; other-, wise to be and remain -in* full force and virtue in law.” r>
Suppose this contract made by Higgins with Drucker-had: been set out in full in the bond, it would seem a very strained-construction to say that .the only thing which the Surety Com-* pany bound itself for was the complettion of the labor on the1 part, of Higgins to be performed. And remembering that “said contract being made a part hereof as fully to all intents ánd purposes,as if set forth at-length herein,” it seems clear¡ that the court was right in refusing to charge upon this point! as requested by the Surety Company, and in charging the'jury! in,these words: . - . : t;5
*119 ■■ ‘Tf you .find the plaintiff is entitled to a verdict in ¡this! ^se as against the.Surety Company, she is entitled to recovefl lor both the. costs of labor and material for the completion! qf said carpenter work provided for in said building' cob-’ tract.” -
: It is said that the application for the bond called forcarpen-M ter work only, and specified the contract price as $4,520'; that' the building expert of the Surety Company examined the'spe-' cificátions and estimated the cost of the labor only to be' $4r;' 700, and so reported to the Surety Co., and that it was upon thisi report that the risk was approved and the bond given; but tHe^ bond was given with the written contract between Drucker1 and Higgins made a part of it; and the Surety Company must be supposed to have' executed this bond with full knowledge1 of what that contract was.
It is further urged on the part of the plaintiff' in error, that the bond was obtained from it by fraud in this; that when'the' bond was accepted, it was known to Drucker or her agents that Higgins had accepted the contract at a price much below that which would be necessary to complete the contract; and that it- withheld such knowledge from the Surety Company; that Higgins made his bid under a mistake, and that this was known to Drucker. There is evidence in the record tending, to show that the architect of Drucker regarded Higgins’ bid as much too low and that he called the attention of Higgins to the fact that his bid was low, but that Higgins felt con-, fident that he had made no mistake. Besides this, the Suiter) ty Company had full opportunity to know that Higgins had undertaken to do. The contract was made a part of the bpnd and should have been examined by the Surety Company.; It had its expert make an estimate of the value of the work which Higgins had undertaken to perform and it might' as easily have had an estimate made of the entire obligation which Higgins had assumed, as of this particular part of it; in short, it had the means of knowing every thing which -Higgins had undertaken to do, .and could as-well have determined ■^s Drucker. could, whether Higgins was liable to default. ' C
.’¡■It is further urged that the plaintiff should not be permitted to recover because,; it is said, she put an'end to the per *120 formance of the contract on the part of Higgins by ordering the discontinuance of the work. The evidence on this point is conflicting, and the court said to the jury in regard to it: “That if the plaintiff by her conduct and by her directions and orders, prevented the defendant Higgins and his employes from continuing the work upon the contract, no recovery can be had upon the bond in this action as against either one of these defendants.” This was given upon the request of the defendants, and properly stated the law. The' jury found the fact for the plaintiff and, though the evidence was quite strong the other way, we are not prepared to say that the judgment should be reversed on that account.
Bentley & Vickery, for plaintiff in error.
, Brewer, Cook & McGowan, for defendant in error.
Without going further into detail, we find nothing in this record justifying a reversal of the judgment, and the same is affirmed.